## McCULLOUGH v. PENNSYLVANIA R. CO.

(Supreme Court, Trial Term, Erie County. March 24, 1916.)

1. RAILROADS ⬳324(1)—ACCIDENTS AT CROSSING—DUTY OF DRIVER—PASSENGER IN VEHICLE.

A passenger in a vehicle driven by another must use the caution of a reasonably prudent person when approaching steam railroad grade crossings.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1020, 1022, 1023; Dec. Dig. ⬳324(1).]

2. NEGLIGENCE ⬳93(1)—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.

The negligence of a livery driver cannot be imputed to one riding in the vehicle with him.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 147, 148; Dec. Dig. ⬳93(1).]

3. RAILROADS ⬳324(1)—ACCIDENTS AT CROSSING—DUTY OF DRIVER—PASSENGER IN VEHICLE.

Due care does not require a passenger in a vehicle driven by another to do any specific act for his own safety when apprised of the approach of the train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1020, 1022, 1023; Dec. Dig. ⬳324(1).]

4. NEGLIGENCE ⬳98—CONTRIBUTORY NEGLIGENCE—NEGLIGENCE.

Under Code Civ. Proc. § 841b, providing that in actions for causing the death of any person the contributory negligence of the person killed shall be an affirmative defense to be pleaded and proved by the defendant, plaintiff is entitled to a verdict where the evidence as to contributory negligence is evenly balanced.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 93, 165; Dec. Dig. ⬳98.]

5. NEGLIGENCE ⬳136(26)—QUESTIONS FOR JURY—INFERENCES—NEGLIGENCE.

When any two inferences can be reasonably drawn from the evidence as to contributory negligence, the question is for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 333–335, 338, 339, 342–345, 353; Dec. Dig. ⬳136(26).]

6. RAILROADS ⬳348(6)—ACCIDENTS AT CROSSING—SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

In an action for the death of a driver in a cutter driven by a livery man which was struck at a railroad grade crossing, evidence *held* not to show the lack of due care by the driver so conclusively as to require a verdict for the plaintiff to be set aside as against the weight of the evidence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1144; Dec. Dig. ⬳348(6).]

Action by Anna M. McCullough, as administratrix, against the Pennsylvania Railroad Company. On motion for new trial after verdict for plaintiff. Motion denied.

Ticknor, Pierce & Pomeroy, of Buffalo (Willard H. Ticknor and George L. Pomeroy, both of Buffalo, of counsel), for plaintiff.

Rumsey & Adams, of Buffalo (Harold J. Adams, of Buffalo, of counsel), for defendant.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TAYLOR, J. Olean street, in the village of East Aurora, Erie county, N. Y., crosses the tracks of the defendant at grade, at an angle of 28 degrees. The decedent, plaintiff's husband, seated in a cutter drawn by two horses driven by a livery driver, approached this crossing at about noon time from the southerly side thereof, the acute angle being at decedent's right. There was a light snowstorm and a heavy wind blowing from a northwesterly direction. According to the testimony of one of plaintiff's witnesses, a Mrs. Serviss, which was partially corroborated by her husband, the cutter containing the decedent and the driver approached the crossing from a point 200 feet distant therefrom and went upon the railroad track at an unvarying rate of speed, and all this time the decedent and the driver had their heads bent forward and toward each other; both men had their overcoat collars turned up and their necks bundled up, and neither of them turned his head at any time toward the right, the direction from which the train came. A heavy through passenger train coming from the south struck the rig about midway between the rear of the horses and the front of the cutter, killing both men and one of the horses. The train was behind time, and was conceded by the engineer to have been running about 55 miles an hour. It ran nearly 2,400 feet beyond the crossing before stopping, although the defendant's engineer and fireman say that no emergency brake was applied because the damage had been done, and the ordinary process of stopping was gone through with because the regular station stop was near at hand.

On the question of defendant's negligence the plaintiff showed that there was no automatic crossing bell and that there were no gates or flagmen. The said Mr. and Mrs. Serviss, who were in a Ford car with the top up and closed, testified that they were approaching the crossing from the opposite direction, stopped within about 25 feet thereof because they saw the train coming, and that neither of them heard a whistle or heard any bell till just as the locomotive was at the crossing. On the subject of signals the fireman and engineer both testified that the ordinary crossing whistle, viz., two long and two short blasts, was blown at the whistling post some 1,400 feet from the crossing, and that the locomotive bell was ringing constantly from this time till after the locomotive passed the crossing. The defendant further produced six residents of this community who testified that they were located at various points within hearing distance, and that they heard the whistle of the locomotive, and that it appeared to sound from about the location of the whistling post. It conclusively appears that there is nothing along the railroad track for a distance of 1,400 feet southerly from the crossing which obstructs the view northwesterly from the railroad, and it further appears that for a distance of 1,000 feet southerly along the highway from the crossing there is nothing to obstruct the view of the railroad track by those approaching in vehicles from the south.

The court denied motions made by the defendant for a nonsuit and for a direction of a verdict, and the jury found a verdict in favor of the plaintiff for $6,000. The defendant now moves, on all appropriate grounds mentioned in section 999, Code Civ. Proc., for a new trial,

urging with particular earnestness that the finding of reasonable care in the decedent is contrary to the weight of the evidence.

[1-3] It is the rule in this state that people approaching steam railroad grade crossings in vehicles must use the caution of a reasonably prudent person, which means that either by looking and listening, or by other appropriate use of their minds, bodies, and faculties, they must be reasonably and duly vigilant in and about protecting themselves from possible injury. This rule applies to a passenger like the decedent in a vehicle drawn by horses driven by another. While any negligence of the driver in this case was not imputable to the decedent, still the latter, while approaching the crossing, was obligated to conduct himself with prudence and care and with senses alert to the possibility of approaching danger. However, this rule does not require the passenger to have done any specific thing, for example, like jumping from the vehicle or grabbing the reins, nor even to look or listen, provided he was otherwise seasonably apprised of the approach of the train. The rule merely required the passenger in general terms to "use reasonable care," and our appellate courts have not been disposed to disturb verdicts of juries in cases where the amount of care taken by the passenger has been very slight.

[4, 5] Before the enactment of section 841b, Code Civ. Proc., it was the rule that in a case like the present one, where circumstances pointed as much to negligence in the deceased as to the absence of negligence, no recovery could be had by his representatives; that is, there had to be evidence in favor of reasonable care which fairly preponderated over all evidence to the contrary. Section 841b now requires that lack of reasonable care must appear by the fair preponderance of the evidence to warrant plaintiff's defeat on account of contributory negligence; and under that rule, if the evidence be evenly balanced, the defendant has not sustained the burden of proof resting upon him. While each case must be determined largely upon its own peculiar facts, it has long been the general rule that when, on the question of contributory negligence, any two inferences are reasonably to be drawn from the testimony, it is a jury question. As stated in Tolman v. S. B. & N. Y. R. R. Co., 98 N. Y. 203, 50 Am. Rep. 649:

"If, * * * the surrounding facts and circumstances reasonably indicate * * * that the accident might have occurred without negligence of the deceased, that inference becomes possible, * * * and so a question of fact may arise to be solved by a jury, and require a choice between possible, but divergent, inferences."

Under the old rule placing the burden of proof on the plaintiff in negligence cases to establish absence of contributory negligence—illustrating the principle just mentioned, and illustrating how loath our Court of Appeals has been to deprive a plaintiff of the benefit of a jury's verdict in his favor—we have, for example, the holdings in Fordham v. Gouverneur Village, 160 N. Y. 541, 55 N. E. 290, Braun v. Buffalo General Electric Co., 200 N. Y. 484, 94 N. E. 206, 35 L. R. A. (N. S.) 1089, 140 Am. St. Rep. 645, 21 Ann. Cas. 370, Mullen v. Schenectady Ry. Co., 214 N. Y. 300, 108 N. E. 412, and Noble v. N. Y. C. Co., 20 App. Div. 40, 46 N. Y. Supp. 645, affirmed 161 N.

Y. 620, 55 N. E. 1098. The first three of these cases were nonsuits or dismissals of complaints in the trial court, but the last named was an appeal from a judgment entered on a jury's verdict and an order denying a motion for a new trial on the minutes. In all of these cases, and in others that might be cited, specific testimony in favor of the plaintiff on the point now under consideration was meager in amount, and in some of the cases such testimony was distinguished mainly by its practically entire absence. The Mullen Case also reiterates the existing rule that in death cases less testimony is necessary relative to care taken by a decedent than in cases where the injured person survived.

[6] So, under the proof as it stands in the case at bar, what conclusion must we reach as to whether or not the verdict of the jury is contrary to the weight of the evidence as to the care shown by the decedent? This vehicle approached the crossing from a point 200 feet from it, and its occupants conducted themselves in the manner hereinbefore described. There is no testimony that both the occupants of this cutter did not seasonably know of the approach of this train through hearing its rumble or the locomotive whistle or otherwise— no proof that the decedent did not request the driver of the team to stop before he reached the crossing, nor that the vehicle was not struck solely because the driver, knowing the train was coming, misjudged the speed of it in attempting to cross in front of it. If the decedent conducted himself as indicated by such lack of testimony, I think that there is no doubt but that the jury's verdict, finding insufficient evidence that the decedent was careless, should not be set aside as against the weight of the evidence, since the driver was a careful, sober man, and there is no testimony that the decedent was not sober and in possession of all five senses. So under the rule existing since the enactment of said section 841b, and in conformity, as it seems to me, with the views of our court of last resort as set out in the four cases cited, I feel that, to warrant my finding that this jury should have decided that the decedent was guilty of contributory negligence, there should appear to me to be a preponderance of evidence of a character which substantially eliminates the taking of every sort of sufficient, reasonable care on the part of the decedent. If this be not so, I do not understand the purport of section 841b, nor the reason for its enactment.

Therefore, since I find that the jury did not err in weighing the evidence bearing on the decedent's exercise of caution, and since I find that the verdict should not be disturbed as to the negligence of the defendant, I deny defendant's motion. No motion costs.